**William D. KNUDSEN, etc., et al., Plaintiffs,**

v.

**UNITED STATES of America and Connaught Laboratories, Defendants.**

**No. 85–703–Civ–J–16.**

United States District Court, M.D. Florida, Jacksonville Division.

July 31, 1987.

Allen W. McDowell and Bruce Kiselstein, McDowell and Colantoni, Ltd., Chicago, Ill., for plaintiffs.

E.S. Corlett and James P. Murray, Corlett, Killian, Hardeman, McIntosh & Levi, P.A., Miami, Fla., for defendants.

### ORDER

JOHN H. MOORE, II, District Judge.

The above-styled cause is before the Court upon Defendant's, CONNAUGHT LABORATORIES, motions for relief from the August 20, 1985 Docket Control Order, and for summary judgment. In the interest of justice, the Court will grant Defendant's motion for relief from the August 20, 1985 Docket Control Order.

 Plaintiffs' claim against Defendant is that the DPT vaccine manufactured by Defendant was defectively designed. In its motion for summary judgment, Defendant raises three grounds. First, Defendant ar-

gues that Plaintiffs' claims are based on state law and are preempted by federal law. An area of state law is preempted if Congress expressly preempts it or if the area of law is regulated so pervasively by federal law that no room exists for state action. *KVUE, Inc. v. Austin Broadcasting Corp.*, 709 F.2d 922, 931 (5th Cir.1983). Defendant's position is not that Congress expressly preempts state law in this area, but that Congress thoroughly occupies the field of vaccine licensing and testing and, thus, a state common law cause of action should not be permitted against a vaccine manufacturer.

In determining if Congress preempts the field by inference, this Court must consider whether the area requires national uniformity, whether there is evidence that Congress intends to preempt the field, or whether the state law actually and directly conflicts with the federal law. *KVUE*, 709 F.2d at 931–32. No federal statutes or regulations require uniform use of the DPT vaccine. In fact, nine states do not require vaccination with the pertussis vaccine. *Jeski v. Connaught Laboratories, Inc.*, No. A–84–CA–395 slip op. at 4 (W.D.Tex. December 18, 1986). No evidence exists to indicate that Congress intended to preempt the field. *Id.* Finally, the Court finds that the state law applicable to this action does not actually or directly conflict with the federal regulations. The state law does not require a manufacturer to take action inconsistent with federal regulations. In view of the above, Defendant's first ground for summary judgment is without merit.

Defendant's second ground for summary judgment is that, according to Defendant's package insert, the DPT shot given to the deceased was contraindicated, and therefore, the proximate cause of death was the action of the doctors, and not the Defendant. This ground is a question of fact, and should be submitted to the jury.

Defendant's third ground for summary judgment is that Plaintiffs' expert witness does not have an adequate scientific basis for his opinion that Defendant could have made a safer vaccine. The weight to be accorded to Plaintiffs' witness must be left to the jury. Questions of material fact remain for trial, and thus, Defendants' motion for summary judgment will be denied.

Accordingly, the Court now

ORDERS and ADJUDGES:

1. That Defendant's motion for relief from the August 20, 1985 Docket Control Order be and the same is hereby GRANTED.

2. That Defendant's motion for summary judgment be and the same is hereby DENIED.